Filed 12/14/20  P. v. Miller CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>SHANE WILLIAM MILLER, JR.,<br><br>        Defendant and Appellant. | A159557<br><br>(Mendocino County Super. Ct. No. SCUKCRCR 18-96542) |

**MEMORANDUM OPINION**[1]

Defendant appeals from his conviction following no contest pleas to two counts of unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a)) and one count of felony battery on a correctional officer (Pen. Code, § 243, subd. (c)(1)).  In accordance with the negotiated disposition, the trial court placed defendant on three years' probation, ordered him to serve 240 days in jail satisfied with credit for time served, and suspended imposition of sentence.  The court additionally imposed some fees and fines and suspended

---

[1]  This appeal is appropriately resolved by memorandum opinion in accordance with California Standards of Judicial Administration, section 8.1.

others.  Following a restitution hearing, the court ordered defendant to pay $6,058 in victim restitution.

Defendant filed a notice of appeal but did not request a certificate of probable cause.  Defendant's counsel on appeal has filed a brief raising no issues and asking this court to independently review the record to determine whether any arguable issues exist.  (*People v. Wende* (1979) 25 Cal.3d 436; *People v. Kelly* (2006) 40 Cal.4th 106.)  Defendant was informed of his right to file a supplemental brief and has not done so.

Penal Code section 1237.5 generally precludes an appeal from a judgment of conviction after a plea of no contest or guilty unless the defendant has applied for, and the trial court has granted, a certificate of probable cause.  There are two exceptions:  (1) a challenge to a search and seizure ruling, as to which an appeal is proper under Penal Code section 1538.5, subdivision (m); and (2) postplea sentencing issues.  (*People v. Shelton* (2006) 37 Cal.4th 759, 766; see *People v. Buttram* (2003) 30 Cal.4th 773, 780.)

Here, the pre-plea proceedings largely concerned defendant's competency to stand trial.  On June 24, 2019, the court found defendant restored to competency.  And on September 10, defendant agreed to a negotiated disposition and entered no contest pleas as described above.

We have reviewed the transcript of the change of plea proceeding.  The trial court duly reviewed with defendant his executed waiver of rights form, confirmed with counsel there was a factual basis for the plea, and advised and questioned defendant to confirm he understood the terms of the disposition, agreed with them, and entered into the negotiated disposition freely and knowingly.  The court then placed defendant on probation and

1

suspended imposition of sentence in accordance with the negotiated disposition.

We have also reviewed the restitution hearing. Defendant was ably represented by counsel, and we see no abuse of discretion as to the amount of victim restitution ordered by the court consisting of the out-of-pocket costs incurred by one of the victims in purchasing a vehicle after defendant stole and totaled the victim's prior vehicle.

## DISPOSITION

Having reviewed the entire post-plea record, we conclude there are no arguable issues and AFFIRM the judgment.

_____
Banke, J.

We concur:


_____
Humes, P.J.


_____
Margulies, J.

A159557, People v. Miller

1